IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Crystallex International Corporation,[1] | Case No. 11-14074 (PJW) |
| Debtor in a Foreign Proceeding. | Re: DI No. 60 |

**LIMITED OBJECTION OF COMPUTERSHARE TRUST COMPANY OF CANADA, AS INDENTURE TRUSTEE FOR HOLDERS OF 9.375% SENIOR NOTES, TO THE DEBTOR'S MOTION FOR ORDER RECOGNIZING AND ENFORCING THE PROPOSED CCAA FINANCING ORDER OF THE CANADIAN COURT**

Computershare Trust Company of Canada, in its capacity as Indenture Trustee[2] (the "Indenture Trustee") for the Holders of 9.375% Senior Unsecured Notes (the "Senior Noteholders") of Crystallex International Corporation (the "Foreign Representative" or "Debtor"), on behalf of the Senior Noteholders, submits this objection (the "Limited Objection") to the Debtor's motion ("Motion") [D.I. No. 60] for an order (the "U.S. Financing Order"), recognizing and giving effect in the United States to a proposed form of order presented to the Canadian court (the "CCAA Financing Order") [D.I. 84], purporting to authorize, among other things, the Debtor to enter into and perform under that certain proposed Senior Secured Credit Agreement (the "DIP Credit Agreement") in favor of a proposed lender (the "DIP Lender") [D.I. No. 84].

To date, the Canadian court has not entered any CCAA Financing Order, either in the form proposed by the Debtor or otherwise, because it has reserved its decision after a contested hearing in Canada. Accordingly, as of the date hereof, the Indenture Trustee has only the

---

[1] The last four digits of the Debtor's United States taxpayer identification number is 2628. The Debtor's executive headquarters are located at 18 King Street East, Suite 1210, Toronto, Ontario, Canada M5C-1C4.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtor's Motion.

proposed CCAA Financing Order filed on the docket, and not the actual order entered by the Canadian court.

In support of this Limited Objection, the Indenture Trustee respectfully represents as follows:

## BACKGROUND

1. The Senior Noteholders are primarily funds managed by U.S.-based investment advisors that hold approximately $100 million in senior unsecured notes issued by the Debtor with a maturity date of December 23, 2011. [D.I. No. 2] (Fung Decl., at ¶¶ 18, 20). On the maturity date, the Debtor initiated the Canadian Proceeding and this chapter 15 case (the "Chapter 15 Case") to have this Court recognize the Canadian Proceeding as a "foreign main proceeding," among other things.

2. On January 20, 2012, this Court entered an order (the "Recognition Order") recognizing the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code. [D.I. 44]

3. On April 5, 2012, the Canadian court heard two motions by the Debtor for the approval of (a) the proposed DIP Financing submitted by Tenor and (b) a proposed management incentive plan (the "MIP") that, if approved, would give members of the Debtor's senior management bonuses from a pool of up to 10% of the proceeds of the Company's arbitration against Venezuela.

4. Upon information and belief, unlike most management incentive plans that give a substantial percentage of equity of the Debtor to members of senior management, the Debtor's proposed MIP was not submitted in connection with an overall restructuring subject to votes of creditors in either Canada or the United States. The Indenture Trustee does not know if the MIP

complies with section 503(c) of the Bankruptcy Code or if the Debtor intends to seek approval of the MIP in this Court upon approval (if at all) of the Canadian Court.

5. Pursuant to the proposed CCAA Financing Order submitted by the Debtor, aspects of the Debtor's proposed MIP still under consideration by the Canadian court are incorporated therein. *See* CCAA Financing Order, ¶ 13 [D.I. 84].

6. As of the filing of this Limited Objection, the Canadian court has not yet approved a debtor in possession financing, entered any proposed CCAA Financing Order, or entered any order approving the MIP.

7. As indicated in the Agenda Letter for this hearing [D.I. 91], the Debtor and the Indenture Trustee reached an agreement in principle to small changes to the proposed form of U.S. Financing Order, subject to review by the Indenture Trustee's counsel. To date, however, the Indenture Trustee's counsel has not been sent a revised form of the U.S. Financing Order reflecting these changes. A request by the Indenture Trustee to further extend the objection deadline to the Motion pending review of the revised form of order was denied by the Debtor. Accordingly, the Indenture Trustee submits this Limited Objection to preserve its rights.

## LIMITED OBJECTION

8. The Debtor has filed this Motion seeking approval in the U.S. of the above-referenced proposed CCAA Financing Order. However, as of the date hereof, the Canadian court has not yet entered an order approving the DIP Financing. Given the contested nature of the hearing on April 5, 2012, it is not clear that the Canadian court will (a) approve the proposed DIP Financing or proposed DIP Lender, (b) enter the form of CCAA Financing Order submitted to this Court, or (c) approve the MIP (which, as indicated, is incorporated into portions of the CCAA Financing Order).

9. First, the Indenture Trustee reserves all rights to review and submit a further objection to the ultimate financing order entered (if any) by the Canadian court to the extent it materially deviates from the proposed form of CCAA Financing Order.

10. Second, the Indenture Trustee objects to the hearing scheduled for Thursday going forward at all if the Canadian court has not (a) rendered a ruling with respect to the Debtor's motion to approve the DIP Financing or (b) entered an order that's materially different than the proposed CCAA Financing Order. It makes no sense for the Court to consider entry of an order authorizing enforcement of a Canadian order that has not yet been approved or entered.

11. Third, the Indenture Trustee reserves certain rights with respect to aspects of the proposed form of U.S. Financing Order (if and to the extent the proposed CCAA Financing Order is approved by the Canadian Court in substantially the form submitted to this Court by the Debtor) and the MIP which is currently under consideration by the Canadian court. Specifically, the Indenture Trustee would like to replace the language in paragraph 10 of the proposed U.S. Financing Order with the following:

> Entry of this Order shall not prejudice any rights, to the extent such rights exist, of any party in interest to seek relief before (a) any court of competent jurisdiction to appeal entry of the CCAA Financing Order or any order entered by the Canadian Court approving a management incentive plan for the Debtor (such order, the "MIP Order") or (b) this Court or another court of competent jurisdiction if the CCAA Financing Order or the MIP Order is subsequently reversed or modified upon appeal; provided, that, nothing herein shall, or shall be deemed to, limit or impair the protections and benefit of section 364(e) of the Bankruptcy Code granted to the DIP Lender by this Order, including, without limitation, in paragraph 9 hereof.

Additionally, the Indenture Trustee would like the following language added to the proposed U.S. Financing Order:

> In the event the Foreign Representative seeks entry of an Order by this Court approving and/or recognizing the MIP Order, the rights of parties in interest with requisite standing to object to such Order, including, without limitation, the Indenture Trustee, are hereby preserved; *provided, however*, that nothing herein shall, or shall be deemed to require the foreign representative to seek entry of such an order.

**WHEREFORE**, the Indenture Trustee respectfully requests that this Court grant the relief requested in this Limited Objection and such other or further relief as is just.

Dated: April 10, 2012
       Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ CPS

Christopher P. Simon (No. 3697)
David G. Holmes (No. 4718)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
Telephone: (302) 777-4200
Facsimile: (302) 777-4224

and

Matthew K. Kelsey, Esquire
Andrew Keats, Esquire
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-2615
Facsimile: (212) 351-6351

Counsel to the Computershare Trust Company of Canada, as Indenture Trustee