# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re                                   :   Chapter 15
                                        :
Crystallex International Corporation[1] :   Case No. 11-14074 (LSS)
                                        :
Debtor in a Foreign Proceeding.         :   Hearing Date: June 25, 2018 at 3:00 p.m. (ET)
                                        :   Objection Deadline: June 18, 2018 at 4:00 p.m. (ET)
                                        :
----------------------------------------------------------- x
```

## MOTION FOR ENTRY OF AN ORDER RECOGNIZING AND ENFORCING THE CCAA FIFTH EXTENSION AND NINTH AMENDMENT ORDER

Crystallex International Corporation, in its capacity as the court-appointed foreign representative (the "Foreign Representative") for the above-captioned debtor (the "Debtor") in a proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form annexed hereto as **Exhibit I** (the "Proposed Order"), recognizing and enforcing the Canadian Court's *Order* dated May 9, 2018 (the "CCAA Fifth Extension and Ninth Amendment Order")[2] that, among other things, (a) requests that this Court grant recognition of the CCAA Fifth Extension and Ninth Amendment Order; (b) approves a fifth extension and ninth amendment (the "Ninth Credit Agreement Amendment") to the Senior Secured Credit Agreement (as amended, the "DIP Credit Agreement"),[3] by and between the Debtor, as borrower, and Luxembourg Investment Company

---

[1] The last four digits of the Debtor's United States taxpayer identification number are 2628. The Debtor's executive headquarters are located at 8 King Street East, Suite 1201, Toronto, Ontario, M5C 1B5, Canada.

[2] A copy of the Fifth Extension and Ninth Amendment Order is annexed hereto as **Exhibit II**.

[3] A copy of a Ninth Credit Agreement Amendment is annexed hereto as **Exhibit III**.

31 S.à.r.l., in its capacity as successor lender through assignment by Tenor KRY Coöperatief U.A., which, in turn, was the assignee of Tenor Special Situation Fund I, LLC, the original lender (the "DIP Lender"); and (c) extends the period during which no proceeding or enforcement process in any court or tribunal may be commenced or continued against or in respect of the Debtor (the "Stay Period"), which was originally put in place by the Canadian Court by order entered on December 23, 2011 (the "Initial Order"), to October 31, 2018.  In support of this Motion, the Foreign Representative relies upon:  (a) the *Declaration of Robert A. Fung in Support of: (I) Verified Petition Under Chapter 15; (II) Motion for Provisional and Final Relief in Aid of Foreign Proceeding; and (III) Motion to Establish Certain Procedures in Connection with Filing of Verified Petition Under Chapter 15*, dated December 23, 2011 [Docket No. 2] (the "Fung Declaration"); and (b) the *Affidavit of Robert Fung* sworn April 23, 2018 (the "Fung Affidavit"), attached hereto as **Exhibit IV**.  In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

### JURISDICTION

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court and in this District pursuant to 28 U.S.C. § 1410.  The statutory predicates for the relief requested herein are sections 105, 1507, 1521, 1525, and 1527 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").[4]

---

[4]      All references to "section" in this Motion shall be to the Bankruptcy Code, unless otherwise noted.

**GENERAL BACKGROUND**

3.        On December 23, 2011 (the "Petition Date"), the Debtor commenced the Canadian Proceeding, and the Canadian Court entered the Initial Order, pursuant to the CCAA, providing various forms of relief thereunder.

4.        Also on the Petition Date, the Foreign Representative commenced this proceeding by filing a verified petition on behalf of the Debtor, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition by this Court of the Canadian Proceeding as a "foreign main proceeding" under chapter 15.

5.        On January 20, 2012, this Court entered the *Order Granting Final Relief in Aid of Canadian Proceeding Pursuant to Section 105(a), 1517, 1520, and 1521 of the Bankruptcy Code* [Docket No. 44] (the "Recognition Order").  Pursuant to the Recognition Order, this Court (a) granted recognition of the Canadian Proceeding as a "foreign main proceeding" under section 1517 and (b) enforced in full the Initial Order on a permanent basis in the United States, including, without limitation, any extensions of the Stay Period granted by the Canadian Court.

6.        On April 26, 2012, this Court entered the *Order Enforcing Financing Order of the Canadian Court* [Docket No. 111] (the "U.S. Financing Order"), which, among other things, (a) recognized and enforced the *CCAA Financing Order* of the Canadian Court, issued on April 16, 2012 (the "CCAA Financing Order"), including any amendments thereto, approving the *Senior Secured Credit Agreement* (as amended, the "DIP Credit Agreement") and (b) granted to, and for the benefit of, the DIP Lender certain protections afforded by the Bankruptcy Code.

Case 11-14074-LSS    Doc 255    Filed 06/04/18    Page 4 of 13

7.      On June 19, 2013, this Court entered the *Order Recognizing the Additional Financing Order of the Canadian Court* [Docket No. 125] (the "<u>First Additional U.S. Financing Order</u>"), which, among other things, recognized and enforced the *Additional CCAA Financing Order* of the Canadian Court, issued on June 5, 2013 (the "<u>First Additional CCAA Financing Order</u>"), including any amendments thereto, approving the Second DIP Amendment (as defined in the First Additional U.S. Financing Order).

8.      On April 28, 2014, this Court entered the *Order Recognizing the Second Additional CCAA Financing Order* [Docket No. 138] (the "<u>Second Additional U.S. Financing Order</u>"), which, among other things, recognized and enforced the *Second Additional CCAA Financing Order* of the Canadian Court, issued on April 14, 2014 (the "<u>Second Additional CCAA Financing Order</u>"), including any amendments thereto, approving the Third DIP Amendment (as defined in the Second Additional U.S. Financing Order).

9.      On February 3, 2015, this Court entered the *Order Recognizing Approval Order* [Docket No. 162] (the "<u>Third Additional U.S. Financing Order</u>"), which, among other things, recognized and enforced the *Approval Order* of the Canadian Court, issued on December 18, 2014 (the "<u>Third Additional CCAA Financing Order</u>"), including any amendments thereto, approving the Fourth DIP Amendment (as defined in the Third Additional U.S. Financing Order).

10.     On December 27, 2016, this Court entered the *Order Recognizing and Enforcing the CCAA Extension and Amendment Order* [Docket No. 184] (the "<u>U.S. Extension and Amendment Order</u>"), which, among other things, recognized and enforced the *Order* of the Canadian Court, issued on December 14, 2016 (the "<u>CCAA Extension and Amendment Order</u>")

approving the Extension and Amendment (as defined in the U.S. Extension and Amendment Order).

11.     On June 23, 2017, this Court entered the *Order Recognizing and Enforcing the CCAA Second Extension and Amendment Order* [Docket No. 189] (the "U.S. Second Extension and Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, issued on May 25, 2017 (the "CCAA Second Extension and Amendment Order") approving the Second Extension and Amendment (as defined in the U.S. Second Extension and Amendment Order).

12.     On February 15, 2018, this Court entered the *Order Recognizing and Enforcing the CCAA Bridge DIP Loan Order* [[Docket No. 251] (the "U.S. Bridge Loan Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated December 20, 2017 approving the Bridge Loan Agreement and the Seventh Amendment Agreement (as such terms are defined in the U.S. Bridge Loan Order).

13.     Additional information about the Debtor's business and operations, the events leading up to the Petition Date, and the facts and circumstances surrounding the Canadian Proceeding and this chapter 15 case are set forth in the Fung Declaration.

## BACKGROUND SPECIFIC TO THE RELIEF REQUESTED

14.     The Debtor asserted a claim through arbitration against the Bolivarian Republic of Venezuela ("Venezuela"), under which the Debtor claimed damages substantially exceeding the amount of the Debtor's outstanding debt (the "Arbitration Claim").    The Arbitration Claim was pursued in a proceeding before the Additional Facility of the International Centre for the Settlement of Investment Disputes of the World Bank (the "Arbitral Tribunal") against Venezuela pursuant to a bilateral investment treaty between Canada and Venezuela.

Post-closing briefs were submitted to the Arbitral Tribunal on May 12, 2014. Subsequent to the submission of the post-closing briefs, the Arbitration Tribunal requested additional documentation and briefing submissions on at least two separate occasions from the Debtor and held an impromptu hearing in November 2014. On April 4, 2016, the Arbitral Tribunal issued an award to the Debtor against Venezuela. The award was in the amount of US $1.202 billion, plus interest thereon calculated from April 13, 2008 (the "Award"). The Award is the Debtor's primary asset.

15. The Debtor had been pursuing a dual-track approach, seeking recognition and enforcement of the Award while concurrently attempting to negotiate a resolution of the Award with Venezuela. As part of such efforts, the Debtor reached a voluntary settlement with Venezuela in November of 2017. The Debtor continues to pursue its rights under the settlement and, at the same time, is prepared to pursue other remedies should Venezuela breach any of its payment obligations under the settlement with the Debtor.

16. To date, the Debtor has received $25 million from Venezuela pursuant to the aforementioned settlement and another $19 million of gross proceeds as a result of a settlement reached with Huntington Ingalls Incorporated ("Ingalls"). Pursuant to the DIP Credit Agreement, the Bridge Loan and orders of the Canadian Court, funds received by the Debtor were to be applied in accordance with the terms and conditions of the DIP Credit Agreement. With the receipt of those funds, the Debtor has repaid the Bridge DIP Loan in full, including any and all accrued interest, fees and costs, and, accordingly, the Bridge DIP Loan has been terminated in accordance with its terms.

17. In order to continue to pursue its rights under the settlement with Venezuela and in light of the April 30, 2018 maturity date of the DIP Credit Agreement, the

Debtor requested and obtained (i) approval, pursuant to the CCAA Fifth Extension and Ninth Amendment Order, of a further amendment (the "Ninth Amendment Agreement") to the DIP Credit Agreement that, among other things, extends the maturity date of the DIP Credit Agreement to October 31, 2018, and (ii) an extension of the Stay Period, which was set to expire on April 30, 2018, to and including October 31, 2018.

18.    The Debtor has been utilizing the funds provided pursuant to the DIP financing orders, including the Bridge Loan Agreement, to meet its obligations and to pursue its strategy related to the collection and enforcement of the Award, including as that strategy relates to the settlements reached with Venezuela and Ingalls.  The Debtor has determined that it has sufficient funds to continue to pursue its rights under the settlement with Venezuela until at least October 31, 2018.

19.    The key provisions of the CCAA Fifth Extension and Ninth Amendment Order are as follows:

(a)    **Aid and Recognition**.    The Canadian Court requests the aid and recognition of this Court to give effect to the CCAA Fifth Extension and Ninth Amendment in this proceeding.  (CCAA Fifth Extension and Ninth Amendment Order ¶ 15).

(b)    **Extension of Stay**.  The Stay Period has been extended to October 31, 2018.  (CCAA Fifth Extension and Ninth Amendment Order ¶ 3).

(c)    **Bridge DIP Lenders' Charge Discharged**.  The Bridge DIP Lender's Charge is discharged.  (CCAA Fifth Extension and Ninth Amendment Order ¶ 4).

(d)    **Approval of Ninth Credit Agreement Amendment Terms**.  The Debtor is authorized to enter into the Ninth Credit Agreement Amendment, which, among other things, extends the maturity date of the DIP Credit Agreement to October 31, 2018, and the terms of the Ninth Credit Agreement Amendment are approved.  (CCAA Fifth Extension and Ninth Amendment Order ¶¶ 5 & 6).

(e)     **Extension and Amendment Fee**.  No extension or amendment fee is being paid pursuant to the terms of the Ninth Credit Agreement Amendment.

(f)     **Charges**.  The charge on the property of the Debtor to secure all obligations under the DIP Credit Agreement and related documents (the "DIP Charge") and the charge on the property of Debtor to pay the compensation payable to the DIP Lender under the DIP Credit Agreement (the "Lender Additional Compensation Charge") will continue to secure the obligations of the Debtor under the DIP Credit Agreement, as amended by the Ninth Credit Agreement Amendment. (CCAA Fifth Extension and Ninth Amendment Order ¶8)

(g)     **Confidentiality.**  The Canadian Court ordered that all materials filed in connection with the Debtor's application seeking the Canadian Court's entry of the CCAA Fifth Extension and Ninth Amendment Order labelled "Confidential" be sealed and not form any part of the public record. Additionally, the sealed materials shall not be copied or disseminated beyond counsel or experts previously authorized or to be authorized by the Debtor or by further order of the Canadian Court.  (CCAA Fifth Extension and Ninth Amendment Order ¶¶ 11 & 12)

## RELIEF REQUESTED

20.     By this Motion, the Foreign Representative seeks entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit I**, recognizing and enforcing the CCAA Fifth Extension and Ninth Amendment Order.

## BASIS FOR RELIEF

**A.     Recognition of the CCAA Fifth Extension and Ninth Amendment Order Is Appropriate Under Sections 105, 1507, 1521, 1525, and 1527**

21.     Section 105(a) provides a bankruptcy court with broad powers in its administration of a case under the Bankruptcy Code:  "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Id. at § 105(a).  Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper.  In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v.

<u>Graduate Loan Ctr. (In re Pincus)</u>, 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002).  In addition, section 1521(a) provides that, upon recognition of a foreign proceeding, at the request of a foreign representative, a bankruptcy court may grant "any appropriate relief," subject to certain exceptions not applicable here, provided that the bankruptcy court determines that doing so is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect the assets of the debtor or the interests of the creditors.  <u>See</u> 11 U.S.C. § 1521(a).

22.    Recognition of the CCAA Fifth Extension and Ninth Amendment Order is appropriate under sections 105 and 1521 because it will enable the Debtor to continue its strategy related to the enforcement and collection of the Award, including as it relates to the recent settlement with Venezuela, and is similar to relief routinely granted to debtors in domestic proceedings.  If this Court does not recognize the CCAA Fifth Extension and Ninth Amendment Order, the Debtor's ability to continue its collection and enforcement strategy with respect to the Award would be jeopardized.  Such a result clearly would be to the detriment of the Debtor's stakeholders given the fact that the Award represents the only presently available chance that any party (including the DIP Lender and unsecured creditors in the United States) has at a meaningful recovery in the Canadian Proceeding.  In addition, approval by this Court is a condition precedent under the Ninth Credit Agreement Amendment.  Accordingly, the relief requested herein is consistent with well-established policies underlying the Bankruptcy Code and is appropriate under the circumstances.

23.    Similarly, section 1507 provides that "the court, if recognition is granted, may provide additional assistance to a foreign representative under this title" and "shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure . . . the just treatment of all holders of claims against or interests in the debtor's property

[and] the protection of claim holders in the United States against prejudice and inconvenience."
11 U.S.C. § 1507. Recognition of the CCAA Fifth Extension and Ninth Amendment Order is appropriate under section 1507 because it will enable the Debtor to continue pursuit of the Award, which not only represents a major victory for the Debtor, but also, as stated above, represents the only chance that any interested party has at a meaningful recovery. Thus, recognition of the CCAA Fifth Extension and Ninth Amendment Order will protect, and prevent prejudice to, creditors by ensuring that the Debtor can pursue its dual track approach to maximize value and realize on the Award.

24.    Finally, section 1525(a) of the Bankruptcy Code provides that "consistent with section 1501, the court shall cooperate to the maximum extent possible with a foreign court or a foreign representative," and section 1527(3) of the Bankruptcy Code explicitly provides that one form of cooperation may include "coordination of the administration and supervision of the debtor's assets and affairs." 11 U.S.C. §§ 1525(a) & 1527(3). There can be no doubt that recognition of the CCAA Fifth Extension and Ninth Amendment Order will promote cooperation between the Canadian Court and this Court. Failure to grant recognition to the CCAA Fifth Extension and Ninth Amendment Order could undermine the Canadian Court's ability to effectively supervise the Debtor's restructuring path. Moreover, the CCAA Fifth Extension and Ninth Amendment Order specifically requests this Court's aid and assistance in giving effect to the CCAA Fifth Extension and Ninth Amendment Order. (CCAA Fifth Extension and Ninth Amendment Order ¶ 15).

**B.      Recognition of the CCAA Fifth Extension and Ninth Amendment Order
         Is Consistent with Public Policy**

          25.      Pursuant to section 1506 of the Bankruptcy Code, even if chapter 15 of the Bankruptcy Code's requirements for recognition of a foreign order are satisfied, recognition can nevertheless be denied where it would be "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.  This "public policy" exception has been narrowly construed to apply to only those "matters of fundamental importance to the [United States]."  See, e.g., In re Ephedra Prods. Liability Litig., 349 B.R. 333, 336 (S.D.N.Y. 2006) (affirming a decision of the bankruptcy court recognizing a Canadian claims process that did not provide personal injury claimants with the right to a jury trial).

          26.      Recognition of the CCAA Fifth Extension and Ninth Amendment Order does not contravene United States public policy.  The Foreign Representative submits that: (a) the Debtor has a need for entering into the Ninth Credit Agreement Amendment and further amending the DIP Credit Agreement, especially in light of the pending maturity of the DIP Credit Agreement; (b) the Canadian Court, as the court of primary jurisdiction, has already reviewed the Ninth Credit Agreement Amendment and has determined that the terms and conditions thereof are fair and reasonable; (c) the relief requested herein is appropriate, authorized under the Bankruptcy Code, and is in the best interests of the Debtor, its creditors, and other parties in interest; and (d) the relief requested herein is not manifestly contrary to United States public policy.  Accordingly, section 1506 of the Bankruptcy Code presents no barrier to entry of the Proposed Order, and the Foreign Representative respectfully requests that this Court enter such order.

## REQUEST FOR WAIVER OF STAY

27.    The Foreign Representative respectfully requests a waiver of any stay of effectiveness imposed by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") so that the relief requested herein can take effect immediately upon entry of the Proposed Order.

## NOTICE

28.    The Foreign Representative will provide notice of this Motion in accordance with Local Rule 9018-1(b) and this Court's *Order Specifying Form and Manner of Service of Notice of: (I) Filing of (A) Petition Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Motion for Provisional and Final Relief in Aid of Foreign Proceeding Pursuant to Sections 105(a), 1519, 1520, and 1521 of the Bankruptcy Code; (II) Entry of Provisional Relief Order; (III) Deadline to Object to Entry of Recognition Order; and (IV) Hearing for the Court to Consider Chapter 15 Petition and Entry of Recognition Order* [Docket No. 21].  The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit I**.

Dated:  June 4, 2018          YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Wilmington, Delaware

*/s/ Matthew B. Lunn*
Robert S. Brady (No. 2847)
Matthew B. Lunn (No. 4119)
Ian J. Bambrick (No. 5455)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600

 - and -

WILLKIE FARR & GALLAGHER LLP
Marc Abrams
787 Seventh Avenue
New York, New York 10019-6099
Telephone:  (212) 728-8000

*Co-Counsel to the Foreign Representative*

01:23141459.1