# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re                                                      :     Chapter 15

                                         :

Crystallex International Corporation[1]      :     Case No. 11-14074 (LSS)

                                         :

Debtor in a Foreign Proceeding.              :     **Hearing Date:**
                                             :     **February 8, 2022 at 11:30 a.m. (ET)**
                                             :
                                             :     **Objection Deadline:**
                                             :     **February 1, 2022 at 4:00 p.m. (ET)**

------------------------------------------------------------- x

## MOTION FOR ENTRY OF AN ORDER RECOGNIZING AND ENFORCING (I) THE CCAA ELEVENTH EXTENSION AND FIFTEENTH AMENDMENT ORDER; AND (II) THE CCAA TWELFTH EXTENSION AND SIXTEENTH AMENDMENT ORDER

Crystallex International Corporation, in its capacity as the court-appointed foreign representative (the "Foreign Representative") for the above-captioned debtor (the "Debtor" or "Crystallex") in a proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form annexed hereto as **Exhibit I** (the "Proposed Order"), recognizing and enforcing (i) the Canadian Court's *Order* dated May 4, 2021 (the "CCAA Eleventh Extension and Fifteenth Amendment Order")[2] and (ii) the Canadian Court's *Order* dated November 18, 2021 (the "CCAA Twelfth Extension and Sixteenth Amendment Order"[3] and together with the CCAA Eleventh Extension and Fifteenth Amendment

---

[1]     The last four digits of the Debtor's United States taxpayer identification number are 2628. The Debtor's executive headquarters are located at 8 King Street East, Suite 1201, Toronto, Ontario, M5C 1B5, Canada.

[2]     A copy of the CCAA Eleventh Extension and Fifteenth Amendment Order is annexed hereto as **Exhibit II**.

[3]     A copy of the CCAA Twelfth Extension and Sixteenth Amendment Order is annexed hereto as **Exhibit III**

Order, the "CCAA Orders") that, among other things, (a) request that this Court grant recognition of the CCAA Orders; (b) approve an eleventh extension and fifteenth amendment (the "Fifteenth Credit Agreement Amendment")[4] to the *Senior Secured Credit Agreement* dated as of April 23, 2012 (as amended, prior to the Fifteenth Amendment), by and between the Debtor, as borrower, and Tenor Special Situations I, LP, in its capacity as successor lender through assignment by Luxembourg Investment Company 31 S.à.r.l., which, in turn, was the assignee of Tenor KRY Coöperatief U.A., which, in turn, was the assignee of Tenor Special Situation Fund I, LLC, the original lender (the "DIP Lender"); (c) approve a twelfth extension and sixteenth amendment (the "Sixteenth Credit Agreement Amendment")[5] to the *Senior Secured Credit Agreement* dated as of April 23, 2012 (as amended, including pursuant to the Fifteenth Amendment, the "DIP Credit Agreement"), by and between the Debtor, as borrower, and the DIP Lender; and (d) extend the period during which no proceeding or enforcement process in any court or tribunal may be commenced or continued against or in respect of the Debtor (the "Stay Period"), which was originally put in place by the Canadian Court by order entered on December 23, 2011 (the "Initial Order"), to November 18, 2022. In support of this Motion, the Foreign Representative relies upon the *Declaration of Robert A. Fung in Support of: (I) Verified Petition Under Chapter 15; (II) Motion for Provisional and Final Relief in Aid of Foreign Proceeding; and (III) Motion to Establish Certain Procedures in Connection with Filing of Verified Petition Under Chapter 15*, dated December 23, 2011 [Docket No. 2] (the "Fung Declaration"). In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

---

[4]    A copy of the Fifteenth Credit Agreement Amendment is annexed hereto as **Exhibit IV**.

[5]    A copy of the Sixteenth Credit Agreement Amendment is annexed hereto as **Exhibit V**.

## JURISDICTION

1.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court and in this District pursuant to 28 U.S.C. § 1410.  The statutory predicates for the relief requested herein are sections 105, 1507, 1521, 1525, and 1527 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").[6]

## GENERAL BACKGROUND

2.        On December 23, 2011 (the "Petition Date"), the Debtor commenced the Canadian Proceeding and the Canadian Court entered the Initial Order, pursuant to the CCAA, providing various forms of relief thereunder.  Also on the Petition Date, the Foreign Representative commenced this proceeding by filing a verified petition on behalf of the Debtor, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition by this Court of the Canadian Proceeding as a "foreign main proceeding" under chapter 15.

3.        On January 20, 2012, this Court entered the *Order Granting Final Relief in Aid of Canadian Proceeding Pursuant to Section 105(a), 1517, 1520, and 1521 of the Bankruptcy Code* [Docket No. 44] (the "Recognition Order").  Pursuant to the Recognition Order, this Court (a) granted recognition of the Canadian Proceeding as a "foreign main proceeding" under section 1517 and (b) enforced in full the Initial Order on a permanent basis in the United States, including,

---

[6]        All references to "section" in this Motion shall be to the Bankruptcy Code unless otherwise noted.

without limitation, any extensions of the Stay Period granted by the Canadian Court.  Below is a

brief summary of the various financing orders entered by the Court:

a.      On April 26, 2012, this Court entered the *Order Enforcing Financing Order of the Canadian Court* [Docket No. 111] (the "U.S. Financing Order"), which, among other things, (a) recognized and enforced the *CCAA Financing Order* of the Canadian Court, issued on April 16, 2012 (the "CCAA Financing Order"), including any amendments thereto, approving the DIP Credit Agreement and (b) granted to, and for the benefit of, the DIP Lender certain protections afforded by the Bankruptcy Code.

b.      On June 19, 2013, this Court entered the *Order Recognizing the Additional Financing Order of the Canadian Court* [Docket No. 125] (the "First Additional U.S. Financing Order"), which, among other things, recognized and enforced the *Additional CCAA Financing Order* of the Canadian Court, issued on June 5, 2013 (the "First Additional CCAA Financing Order"), including any amendments thereto, approving the Second DIP Amendment (as defined in the First Additional U.S. Financing Order).

c.      On April 28, 2014, this Court entered the *Order Recognizing the Second Additional CCAA Financing Order* [Docket No. 138] (the "Second Additional U.S. Financing Order"), which, among other things, recognized and enforced the *Second Additional CCAA Financing Order* of the Canadian Court, issued on April 14, 2014 (the "Second Additional CCAA Financing Order"), including any amendments thereto, approving the Third DIP Amendment (as defined in the Second Additional U.S. Financing Order).

d.      On February 3, 2015, this Court entered the *Order Recognizing Approval Order* [Docket No. 162] (the "Third Additional U.S. Financing Order"), which, among other things, recognized and enforced the *Approval Order* of the Canadian Court, issued on December 18, 2014 (the "Third Additional CCAA Financing Order"), including any amendments thereto, approving the Fourth DIP Amendment (as defined in the Third Additional U.S. Financing Order).

e.      On December 27, 2016, this Court entered the *Order Recognizing and Enforcing the CCAA Extension and Amendment Order* [Docket No. 184] (the "U.S. Extension and Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, issued on December 14, 2016 (the "CCAA Extension and Amendment Order") approving the Extension and

Amendment (as defined in the U.S. Extension and Amendment Order).

f.  On June 23, 2017, this Court entered the *Order Recognizing and Enforcing the CCAA Second Extension and Amendment Order* [Docket No. 189] (the "U.S. Second Extension and Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, issued on May 25, 2017 (the "CCAA Second Extension and Amendment Order") approving the Second Extension and Amendment (as defined in the U.S. Second Extension and Amendment Order).

g.  On February 15, 2018, this Court entered the *Order Recognizing and Enforcing the CCAA Bridge DIP Loan Order* [Docket No. 251] (the "U.S. Bridge Loan Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated December 20, 2017, approving the Bridge Loan Agreement and the Seventh Amendment Agreement (as such terms are defined in the U.S. Bridge Loan Order).

h.  On June 20, 2018, this Court entered the *Order Recognizing and Enforcing the CCAA Fifth Extension and Ninth Amendment Order* [Docket No. 260] (the "U.S. Fifth Extension and Ninth Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated May 9, 2018 (the "CCAA Fifth Extension and Ninth Amendment Order") approving the Ninth Amendment Agreement (as defined in the U.S. Fifth Extension and Ninth Amendment Order).

i.  On November 13, 2018, this Court entered the *Order Recognizing and Enforcing the CCAA Sixth Extension and Tenth Amendment Order* [Docket No. 275] (the "U.S. Sixth Extension and Tenth Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated October 29, 2018 (the "CCAA Sixth Extension and Tenth Amendment Order") approving the Tenth Amendment Agreement (as defined in the U.S. Sixth Extension and Tenth Amendment Order).

j.  On May 28, 2019, this Court entered the *Order Recognizing and Enforcing the CCAA Seventh Extension and Eleventh Amendment Order* [Docket No. 294] (the "U.S. Seventh Extension and Eleventh Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated May 3, 2019 (the "CCAA Seventh Extension and Eleventh Amendment Order") approving the Eleventh Amendment Agreement (as defined in the U.S. Seventh Extension and Eleventh Amendment Order).

k.    On December 5, 2019, this Court entered the *Order Recognizing and Enforcing the CCAA Eighth Extension and Twelfth Amendment Order* [Docket No. 306] (the "U.S. Eighth Extension and Twelfth Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated November 4, 2019 (the "CCAA Eighth Extension and Twelfth Amendment Order") approving the Twelfth Credit Agreement Amendment (as defined in the U.S. Eighth Extension and Twelfth Amendment Order).

l.    On January 5, 2021, this Court entered the *Order Recognizing and Enforcing the CCAA Tenth Extension and Fourteenth Amendment Order* [Docket No. 320] (the "U.S. Tenth Extension and Fourteenth Amendment Order"), which, among other things, recognized and enforced the *Order* of the Canadian Court, dated November 3, 2020 (the "CCAA Tenth Extension and Fourteenth Amendment Order") approving the Fourteenth Credit Agreement Amendment (as defined in the U.S. Tenth Extension and Fourteenth Amendment Order).[7]

4.    Additional information about the Debtor's business and operations, the events leading up to the Petition Date, and the facts and circumstances surrounding the Canadian Proceeding and this chapter 15 case are set forth in the Fung Declaration.

## BACKGROUND SPECIFIC TO THE RELIEF REQUESTED

5.    The Debtor asserted a claim through arbitration against the Bolivarian Republic of Venezuela ("Venezuela") in respect of such matter (the "Arbitration Claim"). The Arbitration Claim was pursued in a proceeding before the Additional Facility of the International Centre for the Settlement of Investment Disputes of the World Bank (the "Arbitral Tribunal") against Venezuela pursuant to a bilateral investment treaty between Canada and Venezuela. Post-closing briefs were submitted to the Arbitral Tribunal on May 12, 2014. Subsequent to the submission of the post-closing briefs, the Arbitration Tribunal requested additional documentation

---

[7]    Recognition by this Court of the Order entered by the Canadian Court granting a ninth extension of the stay to November 6, 2020 and approving the Thirteenth Amendment to the DIP Credit Agreement was not sought by the Foreign Representative (the "CCAA Ninth Extension and Thirteenth Amendment Order").

and briefing submissions on at least two separate occasions from the Debtor and held an impromptu hearing in November of 2014.  On April 4, 2016, the Arbitral Tribunal issued an award to the Debtor against Venezuela.  The award was in the amount of US $1.202 billion, plus interest thereon calculated from April 13, 2008 (the "Award").  The Award is the Debtor's primary asset.

6.      The Debtor developed and implemented a dual-track strategy for enforcement of the Award, while remaining open to the possibility of a negotiated resolution with Venezuela.  The current economic and political situation in Venezuela makes it difficult for Crystallex to pursue a negotiated settlement with Venezuela.  Accordingly, although Crystallex is continuing to pursue the possibility of a negotiated resolution with Venezuela, the Debtor's primary focus is maximizing stakeholder recovery through its enforcement efforts.

## A.      Recognition and Enforcement of the Award

7.      On March 25, 2017, the United States Federal Court for the District of Columbia confirmed the Award and a formal judgment was entered in the Debtor's favor in the amount of approximately $1.4 billion (the "Judgment").

## B.      Enforcement of the Judgment

8.      The Debtor registered the Judgment in the United States District Court for the District of Delaware (the "Delaware Court") and sought to execute the Judgment against PDVSA's shares in its subsidiary PDV Holding, Inc. ("PDVH"), which indirectly owns the shares in the American oil company, CITGO Petroleum Corp.  On August 9 and 23, 2018, the Delaware Court issued an order (the "Delaware Order") authorizing the attachment of the shares of PDVH (the "Writ of Attachment").

9.      On April 15, 2019, the United States Court of Appeals for the Third Circuit (the "Third Circuit") heard an appeal by PDVSA of the Writ of Attachment and Delaware Order

(the "Appeal").  On July 29, 2019, the Third Circuit released its decisions whereby it affirmed the Delaware Order authorizing the Writ of Attachment.

10.     Venezuela's application to the Third Circuit for a rehearing was denied and Venezuela and PDVSA petitioned the United States Supreme Court for a writ of certiorari for leave to appeal the Third Circuit Decision to the United States Supreme Court.  On May 18, 2020, the United States Supreme Court dismissed Venezuela's and PDVSA's petition seeking leave to appeal.

11.     On January 14, 2021, Judge Stark entered an order establishing sale procedures (the "Sales Process") for the sale of the shares of PDVH (the "Sale Procedures Order").  Among other things, the Sale Procedures Order required the parties to identify a special master to oversee the sale process.

12.     The United States Department of Treasury's Office of Foreign Assets Control ("OFAC") has taken the position that U.S. sanctions on Venezuela prohibit the Debtor from, among other things, executing on the PDVH Shares subject to the Writ of Attachment without first obtaining a license from OFAC.

13.     Crystallex submitted its application to OFAC for a specific license authorizing the sale of the PDVH Shares on April 9, 2020.  On September 10, 2021, OFAC denied the Debtor's request for a license to sell the shares of PDVH.  The denial was without prejudice to the Debtor's ability to reapply.  Crystallex plans to reapply for an OFAC license and has urged the Delaware Court to continue to advance the Sales Process to the fullest extent possible, so that the sale of the PDVH Shares may proceed quickly if Crystallex is ultimately successful in obtaining and OFAC license.

14.     A further hearing in respect of the Sales Process was heard by the Delaware Court on November 8, 2021 to consider, among other issues, whether the Sales Process should proceed and the timing of that process.  The parties are still awaiting a decision of the Delaware Court,

## C.     Settlement with Venezuela

15.     In November of 2017, the Debtor and Venezuela settled all of the outstanding issues between the parties, which settlement was approved by the Canadian Court (the "Settlement Agreement").  While the Debtor received certain payments under the Settlement Agreement, the terms of the Settlement Agreement were not fulfilled by Venezuela.  As a result of the Debtor's success in its enforcement efforts, the parties entered into the *Amended and Restated Settlement Agreement* dated September 10, 2018 (the "Amended Settlement Agreement"), which was approved by the Canadian Court on September 17, 2018.

16.     Pursuant to the Amended Settlement Agreement, Venezuela agreed to make an initial payment in cash or securities with a market value equal to $425,000,000, which was received in full by November of 2018.  However, none of the additional payments required under the Amended Settlement Agreement have been received, and Venezuela remains in breach of the Amended Settlement Agreement.  As a result, the Debtor has continued to pursue its enforcement strategy against Venezuela, including seeking to execute upon the Writ of Attachment and other efforts to enforce the Judgment.

17.     The Debtor has identified priorities that it will be pursuing during the requested extension of the Stay Period and continues, to the extent possible, to advance threshold issues relating to distributions to its stakeholders.  However, no material steps are expected to

occur in connection with the enforcement proceedings until later in 2022 and, as a result, the Debtor is not currently in a position to begin to make distributions to its stakeholders.

**D.      Summary of the CCAA Orders and Endorsement by Justice Conway**

18.      The Debtor has been utilizing the funds provided pursuant to the DIP financing orders to meet its obligations and to pursue its strategy related to the collection and enforcement of the Award, including as that strategy relates to the Amended Settlement Agreement.  The Debtor has determined that it has sufficient funds to continue to pursue its enforcement efforts until at least November 18, 2022.

19.      The key provisions of the CCAA Eleventh Extension and Fifteenth Amendment Order are as follows:

(a)      **Aid and Recognition**.  The Canadian Court requests the aid and recognition of this Court to give effect to the CCAA Tenth Extension and Fourteenth Amendment Order in this proceeding.  (CCAA Eleventh Extension and Fifteenth Amendment Order ¶ 14).

(b)      **Extension of Stay**.  The Stay Period was extended to November 5, 2021.  (CCAA Eleventh Extension and Fifteenth Amendment Order ¶ 3).

(c)      **Approval of Fifteenth Credit Agreement Amendment Terms**.  The Debtor is authorized to enter into the Fifteenth Credit Agreement Amendment, which, among other things, extends the maturity date of the DIP Credit Agreement to November 5, 2021, and the terms of the Fifteenth Credit Agreement Amendment are approved.  (CCAA Eleventh Extension and Fifteenth Amendment Order ¶¶ 4 & 5).

(d)      **Extension and Amendment Fee**.  No extension or amendment fee is being paid pursuant to the terms of the Fourteenth Credit Agreement Amendment.  (Fifteenth Credit Agreement Amendment).

(e)      **Charges**.  The charge on the property of the Debtor to secure all obligations under the DIP Credit Agreement and related documents (the "DIP Charge") and the charge on the property of Debtor to pay the compensation payable to the DIP Lender under the DIP Credit Agreement (the "Lender Additional Compensation Charge") will continue to secure the obligations of the Debtor under the DIP Credit Agreement, as amended by the Fifteenth Credit

Agreement Amendment. (CCAA Eleventh Extension and Fifteenth Amendment Order ¶ 7).

(f) **Confidentiality**. The Canadian Court ordered that all unredacted materials filed in connection with the Debtor's application seeking the Canadian Court's entry of the CCAA Tenth Extension and Fourteenth Amendment Order be sealed pending determination in connection with a motion to be scheduled at a later date. Additionally, the sealed materials shall not be copied or disseminated beyond counsel except as authorized by the Debtor or by further order of the Canadian Court. (CCAA Eleventh Extension and Fifteenth Amendment Order ¶¶ 10, 11 & 12).

20.    The key provisions of the CCAA Twelfth Extension and Sixteenth Amendment Order are as follows:

(a) **Aid and Recognition**. The Canadian Court requests the aid and recognition of this Court to give effect to the CCAA Tenth Extension and Fourteenth Amendment Order in this proceeding. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 19).

(b) **Extension of Stay**. The Stay Period has been extended to November 18, 2022. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 3).

(c) **Reporting to Court and Stakeholders**. At least every six months, the Debtor or the Monitor is required to provide public reports to the Canadian Court and the stakeholders of the Debtor's then current cash balance, DIP balance and an update of the Debtor's enforcement activities. If there are any material changes to the business or affairs of the Debtor, the Debtors or the Monitor is required to report such changes to the Court and the stakeholders, which reports can be confidential or public depending on the nature of the material change. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶¶ 4(a), (b), (c))

(d) **Meeting with Stakeholders**. The Monitor is required to meeting with the Debtor, the DIP Lender, representatives of the Committee and representatives of the Debtor's other stakeholders on a no less than quarterly basis. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 4(d)).

(e) **Approval of Sixteenth Credit Agreement Amendment Terms**. The Debtor is authorized to enter into the Sixteenth Credit Agreement Amendment, which, among other things, extends the maturity date of the DIP Credit Agreement to November 18, 2022, waives an event of default and related default interest, and the terms of the Sixteenth Credit Agreement Amendment are approved. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 12).

(f)     **Extension and Amendment Fee**.  No extension or amendment fee is being paid pursuant to the terms of the Sixteenth Credit Agreement Amendment. (Sixteenth Credit Agreement Amendment).

(g)     **Charges**.    The DIP Charge and the Lender Additional Compensation Charge will continue to secure the obligations of the Debtor under the DIP Credit Agreement, as amended by the Sixteenth Credit Agreement Amendment. (CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 15).

(h)     **Confidentiality**.  The Canadian Court ordered that certain information and materials filed in connection with the Debtor's application seeking the Canadian Court's entry of the CCAA Twelfth Extension and Sixteenth Order be sealed.  (CCAA Twelfth Extension and Sixteenth Amendment Order ¶¶ 6 & 7).

21.     The Ad Hoc Committee of the Noteholders (the "Committee") opposed the Debtor's request for a one-year extension of the stay, the Debtor's request to seal its financial information and opposed the form of financial reporting the Debtor proposed.  The Committee also filed a cross-motion to unseal certain information.  Justice Conway overruled the Committee's objection, denied the cross-motion and approved the relief requested by the Debtor.  In connection with Justice Conway's rulings, she issued an endorsement, a copy of which is attached hereto as **Exhibit VI** (the "Endorsement").  The Endorsement by Justice Conway, among other things, specifically approves the 12-month extension of the stay and the Sixteenth Credit Agreement Amendment.  It also approves and sets forth the rationale for the Canadian Court's ruling to seal of certain strategic and financial information of the Debtor.

## RELIEF REQUESTED

22.     By this Motion, the Foreign Representative seeks entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit I**, recognizing and enforcing the CCAA Orders.

**BASIS FOR RELIEF**

E.    **Recognition of the CCAA Orders Is Appropriate Under Sections 105, 1507, 1521, 1525, and 1527**

23.    Section 105(a) provides a bankruptcy court with broad powers in its administration of a case under the Bankruptcy Code: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Id. at § 105(a).  Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper.  In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v. Graduate Loan Ctr. (In re Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002).  In addition, section 1521(a) provides that, upon recognition of a foreign proceeding, at the request of a foreign representative, a bankruptcy court may grant "any appropriate relief," subject to certain exceptions not applicable here, provided that the bankruptcy court determines that doing so is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect the assets of the debtor or the interests of the creditors.  See 11 U.S.C. § 1521(a).

24.    Recognition of the CCAA Orders is appropriate under sections 105 and 1521 of the Bankruptcy Code because, among other things, it will enable the Debtor to continue its strategy related to the enforcement and collection of the Award and is similar to relief routinely granted to debtors in domestic proceedings.  If this Court does not recognize the CCAA Orders, it would be to the detriment of the Debtor's stakeholders given the fact that the Award represents the only presently available chance that any party (including the DIP Lender and unsecured creditors in the United States) has at a meaningful recovery in the Canadian Proceeding.  In addition, approval by this Court is a condition precedent under the Fifteenth Credit Agreement Amendment (Fifteenth Credit Agreement Amendment ¶ 4(c)(iii)) and the Sixteenth Credit Agreement

Amendment (Sixteenth Credit Agreement Amendment ¶ 4(c)(iii)) Accordingly, the relief requested herein is consistent with well-established policies underlying the Bankruptcy Code and is appropriate under the circumstances.

25.      Similarly, section 1507 of the Bankruptcy Code provides that "the court, if recognition is granted, may provide additional assistance to a foreign representative under this title" and "shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure . . . the just treatment of all holders of claims against or interests in the debtor's property [and] the protection of claim holders in the United States against prejudice and inconvenience." 11 U.S.C. § 1507.  Recognition of the CCAA Orders is appropriate under section 1507 of the Bankruptcy Code because it will enable the Debtor to continue pursuit of the Award, which not only represents a major victory for the Debtor, but also, as stated above, represents the only chance that any interested party has at a meaningful recovery.  Thus, recognition of the CCAA Orders will protect, and prevent prejudice to, creditors by ensuring that the Debtor can pursue its dual-track strategy to maximize value and realize on the Award.

26.      Finally, section 1525(a) of the Bankruptcy Code provides that "consistent with section 1501, the court shall cooperate to the maximum extent possible with a foreign court or a foreign representative," and section 1527(3) of the Bankruptcy Code explicitly provides that one form of cooperation may include "coordination of the administration and supervision of the debtor's assets and affairs." 11 U.S.C. §§ 1525(a) & 1527(3).  There can be no doubt that recognition of the CCAA Orders will promote cooperation between the Canadian Court and this Court.  Failure to grant recognition to the CCAA Orders could undermine the Canadian Court's ability to effectively supervise the Debtor's restructuring path.  Moreover, the CCAA Orders specifically request this Court's aid and assistance in giving effect to the CCAA Orders.  (CCAA

Eleventh Extension and Fifteenth Amendment Order ¶ 14; CCAA Twelfth Extension and Sixteenth Amendment Order ¶ 19).

**F.**      **Recognition of the CCAA Orders Is Consistent with Public Policy**

27.      Pursuant to section 1506 of the Bankruptcy Code, even if chapter 15 of the Bankruptcy Code's requirements for recognition of a foreign order are satisfied, recognition can nevertheless be denied where it would be "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.  This "public policy" exception has been narrowly construed to apply to only those "matters of fundamental importance to the [United States]."  See, e.g., In re Ephedra Prods. Liability Litig., 349 B.R. 333, 336 (S.D.N.Y. 2006) (affirming a decision of the bankruptcy court recognizing a Canadian claims process that did not provide personal injury claimants with the right to a jury trial).

28.      Recognition of the CCAA Orders does not contravene United States public policy.  The Foreign Representative submits that:  (a) the Debtor has a need for entering into the Fifteenth Credit Agreement Amendment and the Sixteenth Credit Agreement and further amending the DIP Credit Agreement; (b) the Canadian Court, as the court of primary jurisdiction, has already reviewed the Fifteenth Credit Agreement Amendment and Sixteenth Credit Agreement and has determined that the terms and conditions thereof are fair and reasonable; (c) the relief requested herein is appropriate, authorized under the Bankruptcy Code, and in the best interests of the Debtor, its creditors, and other parties in interest; and (d) the relief requested herein is not manifestly contrary to United States public policy.  Accordingly, section 1506 of the Bankruptcy Code presents no barrier to entry of the Proposed Order, and the Foreign Representative respectfully requests that this Court enter such order.

### REQUEST FOR WAIVER OF STAY

29.     The Foreign Representative respectfully requests a waiver of any stay of effectiveness imposed by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") so that the relief requested herein can take effect immediately upon entry of the Proposed Order.

### NOTICE

30.     The Foreign Representative will provide notice of this Motion in accordance with Local Rule 9018-1(d) and this Court's *Order Specifying Form and Manner of Service of Notice of: (I) Filing of (A) Petition Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Motion for Provisional and Final Relief in Aid of Foreign Proceeding Pursuant to Sections 105(a), 1519, 1520, and 1521 of the Bankruptcy Code; (II) Entry of Provisional Relief Order; (III) Deadline to Object to Entry of Recognition Order; and (IV) Hearing for the Court to Consider Chapter 15 Petition and Entry of Recognition Order* [Docket No. 21].  The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit I**.

Dated:  January 21, 2022
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Matthew B. Lunn*
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600

*Counsel to the Foreign Representative*