

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Laurie Selber Silverstein
Chief Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

June 26, 2023

Shane M. Reil, Esquire
Young Conaway Stargatt
& Taylor, LLP
1000 North King Street
Wilmington, Delaware, 19801

Mr. Justin C. Fine
2747 Via Del Robles
Fallbrook, California 92028

Rahim Moloo, Esquire
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Mr. Frank William Lovsin
1274 Errol Road E
Sarnia, ON
N7S 5L2

Mr. Adelso Adrianza
113 Washington Street
Newton, MA 02458

In re: Crystallex International Corporation – Case No. 11-14074 (Dkt. Nos. 379, 392)

Gentlemen,

As the parties know, on February 23, 2023, I heard argument on two motions filed by the Foreign Representative.: (i) Motion for Entry of an Order Recognizing and Enforcing Specified Provisions of the CCAA Thirteenth Extension and Seventeenth Amendment Order (Dkt. No. 379) ("Recognition Motion") and (ii) Motion of Foreign Representative for Entry of an Order Authorizing the Continued Sealing of Certain Confidential Information (Dkt. No. 392) ("Sealing Motion"). At the conclusion of the hearing, I ruled on both motions, but for the reasons stated on the record, orders were not entered immediately following the hearing. This letter addresses certain remaining issues.

**I. Recognition Motion**

Consistent with my previous order on similar requests, I granted the Recognition Motion to a limited extent with respect to the extension of the loan maturity date and the waiver of defaults. An appropriate order is being filed today to memorialize that ruling.

Crystallex International Corporation – Case No. 11-14074
Page 2

## II.  Sealing Motion

### *(i)  The Hearing*

At the conclusion of the February 15, 2023 hearing, I ruled that two categories of information could remain sealed at this time:  (i) information regarding the amount of the contingent value rights that were transferred from the DIP Lender to the Mr. Fung and Mr. Oppenheimer ("CVR Information") and (ii) information that is the litigation strategy of the Debtor with respect to its pursuit of its judgment against Venezuela ("Strategic Information") (collectively, the "Approved Categories").

At the hearing, counsel for the Foreign Representatives acknowledged that some redactions went beyond the Approved Categories and could even include what is now public information (Feb. 23, 2023 Hr'g Tr. 29:13-31:6).  Counsel explained that the redacted information was subject to certain orders entered in the CCAA proceedings (some as far back as 2012) and that, therefore, the Foreign Representative could be faced with competing and conflicting orders if I were to require that information to be made public.  Further, the Foreign Representative argued that comity requires me to defer to the Canadian Court with respect to sealing documents that have been filed in this court.  On the other hand, Mr. Adrianza argued that Judge Stark's decision in the *Crystallex* collection action leads to the conclusion that no information beyond the CVR information should be sealed.[1]

### *(ii)  The Documents and the Law*

I have spent significant time reviewing the Sealing Motion as well as considering the arguments made at the hearing.  As I understand it, through the Sealing Motion, the Foreign Representative seeks permission to keep certain documents sealed, subject to the redacted versions now on file.  There are two groups of redacted documents referenced in the Motion: those simultaneously filed in redacted form (i.e. Dkt. Nos. 383, 385, 387, 388 and 390) and previously redacted documents (Dkt. Nos. 128-2, 132-1, 264, 264-5, 284-5, 299-5 and 316-5) (collectively, the "Redacted Documents").  I attempted, with more of less success, to review and compare the Redacted Documents with the original, unredacted documents in order to determine whether the proposed redactions fell into the Approved Categories.  It is clear to me after a review of the documents submitted in the hearing binders, considered in light of the arguments made at the hearing, that some of the redactions are not limited to the Approved Categories.[2]

---

[1] Based on the safety concerns that the Foreign Representative identified, Mr. Adrianza agreed that the CVR Information could currently remain sealed.  He argued, however, that all other information, including the Strategic Information, should be unsealed.

[2] It was not possible to determine if all of the redactions fell into the Approved Categories because even the sealed versions of certain documents were redacted.  More generally, however, it appears that not all relevant documents were submitted to the court in order to do a comparison and I had trouble following the organization of the binders.

Crystallex International Corporation – Case No. 11-14074
Page 3

The two cases that the Foreign Representative relies on to support the requested redactions are both distinguishable. In *Accent Delight Intern. Ltd v. Sotheby's*, 394 F.Supp.3d 399 (S.D.N.Y. 2019), the district court ruled that because the matter was under advisement in a Swiss court, as a matter of international comity the Swiss court should have an opportunity to rule on the issue of sealing first. The district court permitted the document to be filed under seal temporarily in order to provide time for the Swiss court to rule. But, there is no indication of whether the district court would honor the Swiss court's determination if it permitted the document to be sealed. The district court also noted that its determination to permit the Swiss court to rule first was not without controversy as another court in the district had expressly rejected a comity argument.

*In re Fairfield Sentry Ltd.*, No. 10 Civ 7311 (GBD) 2011 WL 4357421 (S.D.N.Y. Sept. 16, 2011) involved a recognition of a foreign main proceeding in the British Virgin Islands and a determination of Fairfield Sentry's center of main interest. Certain parties argued that the bankruptcy court should not recognize the BVI proceeding because the liquidator's applications and certain court orders were "cloaked in secrecy." On appeal, the district court rejected that argument, which was based on section 1506 of the Bankruptcy Code. The district court states that the BVI Court sealed certain applications and orders because they revealed litigation strategy and or information protected by the attorney/client privilege. The district court concluded that the sealing itself did not run afoul of a United States statutory or constitutional right even if the sealing might be broader than a United States court would permit, because "the mere fact of conflict between foreign law and U.S. law, absent other considerations, is insufficient to support the invocation of the public policy exception." *Id.* at * 9 (*citing Micron Tech. v. Qimonda AG*, 433 B.R. 547, 570 (E.D. Va. 2010)). Accordingly, the district court declined to use section 1506 as a basis to deny recognition of the BVI proceeding. This decision does not address the situation before this court, which is whether to require certain documents in a chapter 15 case to be filed on the public record.

Judge Stark's decision in *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, Misc. No. 17-151-LPS (D. Del. Sept. 8, 2021) appears more on point.[3] There, the court resolved multiple requests to file documents or information under seal. Judge Stark starts from the premise that court proceedings are public proceedings, therefore there is a strong presumption that court filings will be available to the public. He then addresses an argument that information which causes competitive harm should be redacted. Judge Stark writes:

> Crystallex seeks to use the Court's mechanisms to collect a judgment of the U.S. courts. Yet Crystallex attempts to hide relevant information, on the purported bases that disclosure will cause Crystallex competitive harm (vis-à-vis other creditors of the Venezuela Parties), that disclosure may harm certain third parties, and that disclosure will offend "principles of comity and respect for parallel foreign judicial proceedings" (because Canadian bankruptcy courts have sealed the information at issue). (*See* D.I. 312 at 4 & n.4) The Court does not find those countervailing

---

[3] I say "appears" because I was unable to access certain documents on the district court docket because they were filed under seal.

Crystallex International Corporation – Case No. 11-14074
Page 4

interests to be "compelling" or sufficient to justify the sealing Crystallex seeks. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Ultimately, Crystallex has not met its burden to "overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). The public's interest in disclosure of information that directly relates to a component of the Special Master's role far outweighs Crystallex's private interests.

Of particular note, Judge Stark references Crystallex's arguments regarding comity and the fact that "Canadian bankruptcy courts have sealed the information at issue."

As applied here, I conclude that all information that is not within the Approved Categories should be available to the public. As in Crystallex's district court proceedings, there is not enough to justify sealing here. Crystallex has filed documents in this court seeking relief and so Crystallex must provide countervailing interests that warrant the sealing of information in its filings. As to the Approved Categories, I have determined that, at this time, there are such compelling reasons. But, as to anything beyond that, Crystallex has not met its burden. The only reason that the Foreign Representative maintains it must seal information not within the Applicable Categories is because he is subject to Canadian Court order. Consistent with Judge Stark's ruling, I conclude that is not enough.[4] The public interest (and the shareholders' interests) in matters before this court and that impact on their recoveries outweigh the Foreign Representative's private interests as to information other than that in the Approved Categories.

Nonetheless, I am not insensitive to the concern that my ruling will put the Foreign Representative in the position of determining how to respond to potentially conflicting orders. Accordingly, the effectiveness of my ruling will be held in abeyance for 90 days so that the Foreign Representative may have the opportunity to take any actions it believes are necessary before the Canadian Court. An order is being filed today to memorialize this ruling.

Very truly yours,

Laurie Selber Silverstein

LSS/cmb

---

[4] I also note that certain of the orders entered in the CCAA proceedings are quite old (e.g. April 16, 2012, April 14, 2014) and the Canadian Court might determine that it is no longer necessary for the information in those documents to be sealed. My review of certain of the documents under seal revealed that much of the information is now in the public domain.